Billie J. (Bircher) Brady v. Commissioner.
Brady v. Commissioner
Docket No. 2465-63.
United States Tax Court
T.C. Memo 1965-58; 1965 Tax Ct. Memo LEXIS 270; 24 T.C.M. (CCH) 313; T.C.M. (RIA) 65058; March 22, 1965
Stanley M. Kaufman, Mercantile Securities Bldg., Dallas, Tex., for the petitioner. Chauncey W. Tuttle, for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined deficiencies in petitioner's income tax for the years 1959 and 1960 in the respective amounts of $332.47 and $216.92. The sole issue for decision is whether respondent erred in taxing to petitioner as community income one-half of the income distributed to her ex-husband by a partnership during the period prior to the entry of a final judgment in their divorce action. Findings of Fact Some of the facts are stipulated and are hereby found as stipulated. Petitioner is an individual residing in Dallas, Texas. She filed individual, separate Federal income tax returns for the calendar years 1959 and 1960 on *271 the cash basis of accounting with the district director at Dallas. The petitioner was married to Norman W. Bircher (hereinafter sometimes referred to as "Bircher") from October 23, 1951, until February 2, 1960, on which latter date their marriage was annulled and dissolved by judgment entered in the Domestic Relations Court of Dallas County, Texas. During the marriage of petitioner and Bircher, they resided in the State of Texas and acquired certain community property and owed certain community debts, which property was partitioned between the petitioner and Norman W. Bircher, and debts assumed by them in accordance with the aforementioned judgment. Said judgment contained the following provisions in part: It further appearing to the court that the plaintiff and defendant own certain community property and owe certain community debts, and that such property should be partitioned between the parties and the debts assumed by the parties in accordance with this judgment; IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that all of the right, title and interest of the defendant in and to the household goods and furniture of the parties located at 2967 Phyllis Lane, Dallas, *272 Texas, including all yard tools, power and otherwise, and the 1955 Chevrolet automobile, be and the same is hereby vested in the plaintiff, subject to the outstanding indebtedness against said automobile, which indebtedness is assumed by the plaintiff, and the defendant is ordered to execute transfer of title to said automobile to the plaintiff. It is further ordered that all of the right, title and interest of the plaintiff in and to the partnership interest of Home Workshop Tools of Dallas, the 1958 Fiat automobile, and all workshop tools and equipment now located at 2967 Phyllis Lane, Dallas, Texas, be and the same is hereby vested in the defendant, subject to the indebtedness against the same, which indebtedness is assumed by the defendant. And the defendant is further ordered to hold the plaintiff harmless from any and all liability for the debts and liabilities of said partnership, Home Workshop Tools of Dallas. IT IS FURTHER ORDERED that the home located at 2967 Phyllis Lane, Dallas, Texas, is set aside to the plaintiff for her use and benefit and for the use and benefit of the two minor children, Bradley Joseph Bircher and Lauri Bircher, until the younger of said children *273 attains the age of 18 years; that from the date of this judgment until the younger of said children attains the age of 18 years the plaintiff will pay the monthly payments on the lien indebtednesses against said property; and that as soon as is practicable after the younger of said children attains the age of 18 years said house is ordered sold, with the defendant receiving a portion of the sales price of said property based upon his present interest in said property, with the equity caused by the payments made by plaintiff from the date of this judgment until the sale of said property being awarded to the plaintiff, in addition to the interest which she has by reason of plaintiff's present ownership of said property. Bircher was a partner in a partnership known as Home Workshop Tools of Dallas for all of the calendar years 1959 and 1960, as well as all of that partnership's fiscal years ending June 30, 1959, and June 30, 1960. As a result of this partnership interest, Bircher received distributions of taxable income from the partnership in the amount of $8,055.82 for the partnership fiscal year ending June 30, 1959, and in the amount of $4,271.32 for the partnership fiscal year *274 ending June 30, 1960. At no time prior to the judgment of the Domestic Relations Court of Dallas County, Texas, entered on February 2, 1960, annulling and dissolving the marriage of the petitioner and her then husband, did the petitioner and Bircher enter into any oral or written agreement separating community income or community property. However, in an order signed February 20, 1959, the same court awarded to the petitioner in the divorce proceeding temporary custody of their home and furnishings and a 1955 Chevrolet automobile, said order containing the following provision: IT IS ORDERED that pending further orders of this court the plaintiff, Billie Bircher, is awarded the temporary custody of Bradley Joseph Bircher and Lauri Bircher, minor children of plaintiff and defendant, and temporary possession of the home located at 2967 Phyllis Lane, Farmers Branch, Texas, the household goods and furniture situated in said home, and the 1955 Chevrolet automobile. On February 20, 1959, the court issued a temporary restraining order in the proceedings prohibiting Bircher among other things from disposing of or dealing with community property, said order containing the following provisions: *275 Now, Therefore, you, the said Norman Bircher, defendant, your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from coming about plaintiff at her home or elsewhere, from telephoning or communicating with her; further, from incurring any debts and obligations, making any loans, assigning, hypothecating, conveying, encumbering, disposing of or in any way dealing with the community property of plaintiff and defendant, further from interfering with plaintiff's custody of Bradley Joseph Bircher and Lauri Bircher and plaintiff's possession of the home located at 2967 Phyllis Lane, Farmers Branch, Texas; and the 1955 Chevrolet automobile; Further, it is ordered that pending further orders of the court, plaintiff, Billie Bircher, is awarded temporary custody of the above named minor children of plaintiff and defendant and temporary possession of the home located at 2967 Phyllis Lane. Farmers Branch, Texas, the household goods and furniture situated in said home, and the 1955 Chevrolet automobile; Further, you are ordered to file with this court on or before the date shown below a sworn inventory and appraisement accounting for *276 all community property owned by plaintiff and defendant herein; Further, you are ordered to appear before this court to show cause, if any, why you should not be required to pay alimony in the sum of $75.00 per week plus all payments on the mortgage indebtedness against the property located at 2967 Phyllis Lane, Farmers Branch, Texas, and all utility bills for said home during pendency of this suit, until the further order of the Court of Domestic Relations to be holden within and for the County of Dallas, Texas, at the Courthouse thereof, in the City of Dallas, at 9:00 o'clock AM February 26th A.D. 1959, when and where this writ is returnable. On February 26, 1959 (order signed March 5, 1959) the court issued an order which was a temporary injunction continuing and modifying the temporary restraining order of February 20, 1959, said order and temporary injunction containing the following provisions: On the 26th day of February, 1959, came the parties in person and by their attorneys and announced that they had entered into an agreement as to the temporary orders to be entered in this cause, and the court, after considering the statement of counsel and the agreement at which *277 the parties had arrived, being of the opinion that the agreement is fair and reasonable; IT IS THEREFORE ORDERED that during the pendency of this suit the temporary restraining order heretofore entered shall be continued as a temporary injunction, with the modifications specified in this order, to-wit, that the partnership business of which the defendant is a member shall not be enjoined from carrying on its normal operation and making normal business expenditures; that the defendant shall have the right of reasonable visitation with the minor children of plaintiff and defendant at the residence of plaintiff; that the defendant shall pay the house payments and all utility bills on the home located at 2967 Phyllis Lane, Farmers Branch, Texas, and the payments on the automobile in plaintiff's possession, and in addition thereto defendant shall pay to the plaintiff the sum of $100.00 per month, the first payment being due February 26, 1959, and each month thereafter, provided, however, that if either party is dissatisfied with such agreement at the end of 60 days the matter will then be subject to review by the court without the issuance of formal notice. Except as herein modified said *278 temporary restraining order is in all things continued, and the defendant is restrained and enjoined from going about the plaintiff at her home or elsewhere, from telephoning or communicating with plaintiff, directly or indirectly, and further from incurring any debts and obligations, making any loans, assigning, hypothecating, coveying, encumbering, disposing of or in any way dealing with the community property of plaintiff and defendant, and further from interfering with plaintiff's custody of Bradley Joseph Bircher and Lauri Bircher; and it is further ordered that the plaintiff shall have temporary custody of Bradley Joseph Bircher and Lauri Bircher, and temporary possession of the home and premises located at 2967 Phyllis Lane, Farmers Branch, Texas. IT IS FURTHER ORDERED that the plaintiff is enjoined from disposing of any community property belonging to the community estate of the parties. During the partnership fiscal year ending June 30, 1959, and before the separation between the petitioner and Norman W. Bircher in February 1959, Bircher gave the petitioner about $350 per month which he brought home from the partnership business. It was this amount on which they lived. *279 During the period of separation and before the judgment became final, that is, from February 1959 until February 1960, the petitioner received $100 per month for child support from Bircher and received the benefit of some house payments. Petitioner did part-time work prior to her divorce. In her separate returns for the years 1959 and 1960, she included all of the taxable income paid to her by her employer during those years in the amounts of $3,055 and $4,735, respectively. The respondent determined that the petitioner failed to include in her return for the calendar year 1959 a one-half share, as community income, of the distribution made to her husband by the partnership with respect to its fiscal year ending June 30, 1959. This addition to income amounted to $4,027.91. Her itemized deductions were increased by an amount of $881.72, representing her share of deductions paid from community income. Similarly, the respondent determined that petitioner failed to include in her return for the calendar year 1960 a seven-twelfths of one-half share of the distribution made to her husband by the partnership with respect to its fiscal year ending June 30, 1960, this representing her *280 community share for the period up to February 2, 1960. This addition to income amounted to $1,245.80. Consistently, the respondent reduced petitioner's taxable income by her husband's community share in her own salary in the amounts of $1,527.50 and $197.50 for the years 1959 and 1960, respectively. Opinion The Texas community property law [1] has been interpreted to include as community property the income from separate property of the husband and wife (with some exceptions not relevant here), and the profits of the separate property interest in a partnership are community property. . This Court has held that spouses in Texas, as part of a valid separation agreement, may agree to dissolve the community of property and that, under such circumstances, the income earned by each spouse, including that earned before divorce, is taxable to the spouse who earned it. ; see . However, in the instant case, the record discloses no agreement dividing *281 community property prior to the divorce. In fact, both the petitioner and Bircher testified that there was no such agreement. In the absence of such an agreement, the income will be treated as community income. , affirmed sub nom. (C.A. 5, 1958). Insofar as we can determine, the petitioner's argument that she is not taxable on a community share of her husband's partnership income prior to the divorce is based, in part at least, upon a contention that she had been enjoined from interfering with the operation of the partnership and was, in effect, divested of any interest in that partnership by court order. The record is bare of evidence of any such injunction or divestiture. Indeed, the temporary injunction of February 26, 1959, provided in this regard only "that the partnership business of which the defendant [Bircher] is a member shall not be enjoined from carrying on its normal operation and making normal business expenditures * * *". The fact that petitioner may not have in fact received any benefit from part or all of the partnership income during the period in question, or that *282 she had no information about the extent of the income, is not controlling. We hold that the respondent did not err in including in petitioner's income for the years 1959 and 1960 a community share of the partnership income distributed to Bircher with respect to the period up to the divorce and in allocating to her a community share of the deductions allocable to such income. Petitioner also argues that the respondent's determination as to the amounts of partnership income and their allocation to the various periods involved are arbitrary and unsupported by evidence. However, the burden of proof is on petitioner, and she has offered no evidence whatsoever in support of these contentions. There is absolutely no showing that respondent's determinations in these regards are either arbitrary or incorrect, and they are sustained. Decision will be entered for the respondent. Footnotes
1. Vernon's Civil Statutes of Texas (Vernon, 1960), Art. 4619, section 1.↩